IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEVON T. WARNER | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| PATRICK MANGOLD, et al. | : | NO.  14-1503 |

### MEMORANDUM

YOHN, J.                                                   AUGUST 2⌣, 2014

Plaintiff Levon Warner, a prisoner at the State Correctional Institution at Houtzdale,

brings this action, pursuant to 42 U.S.C. § 1983, based on his 2008 arrest and a subsequent denial

of medical care for his heart condition.  For the following reasons, the Court will dismiss

plaintiff's amended complaint with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), because

it is untimely.

## I.      FACTS AND PROCEDURAL HISTORY

Plaintiff filed this action against the City of Philadelphia Police Department, Detective

Patrick Mangold, Detective Pitts, the medical departments at the Curran Fromhold Correctional

Facility (CFCF) and the Philadelphia Industrial Correctional Center (PICC), Corizon, and Renee

Hughes.  He alleged that he was threatened, denied access to a bathroom, and denied medical

care for his heart condition when he was arrested by police officers on May 3, 2008.  Plaintiff

also alleged that he was denied proper medical care while incarcerated at CFCF and PICC

through 2010.  He was taken to the hospital in 2010 for problems with his heart and Judge

Hughes, who was presiding over his criminal case in the Philadelphia Court of Common Pleas,

*See Commonwealth v. Warner*, Docket No. CP-51-CR-0005975-2008, promised that he would

1

receive medical care thereafter. However, plaintiff alleged that he did not receive the care he was promised.

After granting plaintiff leave to proceed *in forma pauperis*, the Court dismissed his claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) & (ii). The Court dismissed plaintiff's claims against the City of Philadelphia Police Department and the medical departments of CFCF and PICC, because those defendants are not separate entities from the city that are subject to suit under § 1983. The Court dismissed plaintiff's remaining claims as time-barred because he failed to file his lawsuit within the applicable two-year statute of limitations. Plaintiff's claims based on how he was treated during his arrest accrued on the date of his arrest, May 3, 2008, and his claims based on the denial of medical care in 2010 accrued in 2010. However, he did not file this action until February 25, 2014. Nevertheless, the Court gave plaintiff leave to file an amended complaint in the event he could state a timely claim.[1]

Plaintiff requested an extension of time to file an amended complaint, which the Court granted. He also moved to compel the Philadelphia Police Department, the medical departments at CFCF and PICC, and the University of Pennsylvania Medical Center to produce "all 'medical records, [and] ' names of all medical 'staff' who treated plaintiff while in custody during May 3, 2008 up until August, 2010." (Document No. 8, at 2.) The Court dismissed that motion without prejudice to plaintiff filing a renewed motion for discovery after he submitted his amended complaint.

Plaintiff subsequently filed an amended complaint, which is currently before the Court. The amended complaint is based on the same events as the initial complaint. Plaintiff asserts

---

[1] The complaint indicated that that the denial of medical care persisted through the time plaintiff filed his complaint. However, his specific factual allegations only pertained to events taking place in 2010 or earlier. At the time he filed the complaint, plaintiff was no longer incarcerated in the Philadelphia Prison System.

2

that his constitutional rights were violated when he was subjected to excessive force and threats while in police custody, and denied medical care for his heart conditions. He claims that, from the time he was arrested by police on May 3, 2008, through his incarceration in the Philadelphia Prison System, he was denied medical care for his heart condition despite repeated requests. He reiterates that he was denied proper treatment even though Defendant Hughes acknowledged the severity of his heart condition at a May 25, 2010 hearing. Plaintiff alleges that his claims are timely because the denial of adequate medical care for his heart condition has continued to the present day. He also clarifies that he is raising state law claims based on the denial of medical care in addition to his constitutional claims.

## II.    STANDARD OF REVIEW

As plaintiff is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). The Court may also consider exhibits attached to the complaint and matters of public record. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). Additionally, the Court may dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint. *See Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006); *cf. Ball v. Famiglio*, 726 F.3d 448, 459 (3d Cir. 2013). As plaintiff is proceeding *pro se*, the Court must construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

3

## III.    DISCUSSION

A two-year statute of limitations applies to plaintiff's § 1983 claims and his related state law claims. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007); *see also* 42 Pa. Cons. Stat. § 5524. The limitations period begins to run from the time "the plaintiff knew or should have known of the injury upon which [his] action is based." *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998). Pursuant to the prison mailbox rule, a prisoner's complaint is considered filed at the time he or she hands it over to prison authorities for forwarding to the Court. *See Houston v. Lack*, 487 U.S. 266, 276 (1988); *Terrell v. Benfer*, 429 F. App'x 74, 75 n.1 (3d Cir. 2011) (per curiam).

As plaintiff was aware on the date of his arrest, May 3, 2008, of the manner in which police officers treated him and the amount of force they used in arresting him, his claims based on those acts accrued on that date. *See Montgomery v. De Simone*, 159 F.3d 120, 126 (3d Cir. 1998); *see also LeBlanc v. Snavely*, 453 F. App'x 140, 142 (3d Cir. 2011) (per curiam). Plaintiff's remaining claims are based on the denial of medical care from the date of his arrest through the duration of his incarceration in the Philadelphia Prison System. The amended complaint reflects that he repeatedly asked for care related to his heart condition during that time, and that he was hospitalized for his heart problem in May of 2010. Plaintiff's motion for an order compelling discovery indicates that he was incarcerated in the Philadelphia Prison System through August of 2010, (Document No. 8, at 2), and his own allegations in another case that he filed based on his heart condition confirm that fact. *See Warner v. B. Petrini & Sons Construction*, E.D. Pa. Civ. A. No. 14-4610 (Document No. 3, at ¶¶ 15-16.). Accordingly, plaintiff's claims related to the denial of medical care accrued between May 3, 2008 and August of 2010. As plaintiff did not file this action until February 25, 2014—the date he delivered his

4

complaint to prison authorities for mailing—his claims are time-barred because, by that point, the statute of limitations had expired.

The amended complaint reflects plaintiff's belief that his claims are nevertheless timely under the continuing violation doctrine because he was continuously denied medical care even after he was transferred to state prison. However, "the continuing violation doctrine does not apply when the plaintiff 'is aware of the injury at the time it occurred.'" *Montanez v. Sec'y Pa. Dep't of Corr.*, --- F.3d ---, 2014 WL 3953644, at *5 (3d Cir. Aug. 14, 2014) (quoting *Morganroth & Morganroth v. Norris, MgLaughlin & Marcus, P.C.*, 331 F.3d 406, 417 n.6 (3d Cir. 2003)). As noted above, plaintiff must have been aware of the facts underlying his claims at the time he was denied medical care while incarcerated in the Philadelphia Prison System, as he asked for the care he claims to have been denied and was hospitalized for his condition during that time. In any event, nothing in the amended complaint indicates that the continual denial of medical care was based on the acts of the defendants named in this case, rather than officials at other prisons, or that the defendants in this case did anything after 2010 that violated plaintiff's rights.[2] Additionally, the amended complaint's reference to general legal principles governing tolling fails to establish that plaintiff's claims are timely.

**IV.    CONCLUSION**

For the foregoing reasons, the Court will dismiss the amended complaint as time-barred. As plaintiff has already been given an opportunity to amend, and as it does not appear that he is capable of curing the defects in his claims, he will not be permitted to file a second amended complaint. An appropriate order follows, which shall be docketed separately.

---

[2] Plaintiff has filed an action in the Western District of Pennsylvania concerning the more recent denial of medical care for his heart condition. *See Warner v. Glunt*, W.D. Pa. Civ. A. No. 14-88 (Document No. 13).

5